```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| EMORY G. SNELL, JR., | ) |
| Plaintiff, | ) Civil Action No. 04-11860-RGS |
| v. | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

ORDER

STEARNS, District Court Judge.

Before the Court is a pleading submitted by plaintiff Emory G. Snell, Jr., proceeding pro se, in which he claims that prison officials improperly "froze" his prison account and refused to send his mail. For the reasons stated below, the Court dismisses this case without prejudice.

BACKGROUND

Snell is a state prisoner currently seeking habeas relief in front of Senior Judge Robert E. Keeton of this Court. See Snell v. Marshal, C.A. No. 00-10271-REK (D. Mass.). On or about August 20, 2004, the Clerk's office received a letter dated July 30, 2004 addressed to Judge Joseph L. Tauro of this Court and signed by Snell (the "Letter"). Snell also included assorted documents, many of which appear to be unrelated to the Letter. Snell did not submit a filing fee or an application to proceed without prepayment of the

filing fee.

In the Letter, Snell complains of difficulties he has allegedly encountered in sending mail from the Souza-Baranowski Correctional Center("SBCC") at MCI Shirley. Snell allegedly cannot access his prison account to pay for postage. Snell maintains that Amy Owens, the treasurer at SBCC, wrongly "froze" his prison account. Snell suggests the "freezing" of his account occurred because Owens wrongly collected the multiple filing fees Snell owes to this Court simultaneously rather than sequentially, a practice which is contrary to Judge Tauro's decision in LaFauci v. Cunningham, C.A. No. 98-12328-JLT (D. Mass. Apr. 4, 2001) (docket entry 57). Snell claims that Owens' conduct in "freezing" Snell's account "without even a hint of mimnimal post-deprivation due process protection" constituted a "taking" of his funds and "must surely implicate both [his] 5th and 14th Amendment protections." Letter at 2, 3. Snell also alleges that unnamed prison officials have refused to treat Snell's mail to his attorney as "[i]ndigent legal mail" which Snell may send without cost. Id. at 2.

Snell contends that his inability to send mail prejudices him in the prosecution of his petition for habeas relief. He argues that he is "without recourse" in regards to the alleged misconduct because of an "unjustified 3 strikes prohabition [sic]" imposed under 28 U.S.C. § 1915(g). Letter at 2; see also Snell v. Tessier, C.A. No.

99-10131-GAO (D. Mass. Mar. 25, 2002) (docket entry 32) (denying motions to reconsider order precluding Snell from proceeding in forma pauperis because of the "three strikes" rule). Snell also suggests that because of the detrimental effect that the alleged misconduct has on Snell's ability to prepare his case for habeas relief, he is "in imminent serious harm." Letter at 2.

In his habeas case in front of Judge Keeton, Snell has also been alleged that he has been prejudiced by prison officials' wrongful interference with Snell's mail. In a motion dated July 30, 2004, Snell moved that the Court order prison officials "to post and forward all indigent legal mails." Snell v. Marshal, docket entry 134, at 1. Snell alleged that he had been "barred from contacting, transmiting [sic], or mailing [his attorney], or other state licensed lawyers '[i]ndigent legal mail.'" Id. at 4. The Court denied without prejudice Snell's motion, explaining that "[i]f the petitioner's access to his attorney is compromised, or his attorney's access to the petitioner's legal files is compromised, the petitioner's attorney may resubmit a motion requesting appropriate relief." Snell v. Marshal, docket entry 135, at 6. Since that time, Snell evidently fired his attorney; Snell subsequently moved again that the Court order prison officials to allow him to mail legal documents. See Snell v. Marshal, docket entries 143, 144.

ANALYSIS

There are multiple reasons for which this case shall be dismissed.

First, although the Clerk assigned a case number to the Letter, it does not appear that Snell intended that the Letter be considered a new case. The Letter did not include the standard hallmarks of a complaint--a case caption designating a the parties, paragraphed allegations, numbered counts, or a prayer for relief. While a pleading lacking these formal elements may nonetheless be considered to be a complaint, Snell has shown himself to be very capable of preparing and filing well-formatted pleadings with this Court. See, e.g., Snell v. Marshal, docket entries 112, 144. Thus, the fact that Snell did not format or characterize the Letter as a complaint suggests that he did not intend that the Court regard the Letter as a complaint.[1] In addition, Snell did not submit a filing fee or apply to proceed without the prepayment of the filing fee.[2] Moreover, in complaining that the "three strikes" prohibition prevented him from

---

[1] Further, many of the thirty-seven pages of documents Snell submitted with the Letter are irrelevant to the issue of Snell's mail. These documents appear to relate to the substance of his habeas petition and to claims of physical assault by prison employees. There is no thematic coherency in the collection of documents Snell submitted with the Letter.

[2] Snell did submit a prison account statement for the purpose of demonstrating that Owens was collecting Snell's filing fees simultaneously rather than sequentially.

4

filing another civil action without the prepayment of the filing fee, he implicitly acknowledged that he did not consider the Letter to be a complaint.

Second, as Snell has already pointed out, even if Snell intended the Letter to be construed as a complaint, he could not prosecute this action without the prepayment of the filing fee. As stated above, Snell has already filed three prisoner lawsuits <u>in forma pauperis</u> which were held to be frivolous. <u>See</u> <u>Snell v. Tessier</u>, C.A. No. 99-10131-GAO (D. Mass. Mar. 25, 2002) (docket entry 32). Therefore, under 28 U.S.C. § 1915(g), Snell cannot avail himself of the provisions in 28 U.S.C. § 1915 allowing prisoners to proceed <u>in forma pauperis</u>. <u>Id.</u> An exception to this rule exists where "the prisoner is under imminent danger of serious physical injury," <u>id.</u>, but Snell has not alleged any such danger. Thus, Snell's "case" is subject to immediate dismissal. <u>See</u> <u>Malik v. McGinnis</u>, 293 F.3d 559, 562-563 (2d Cir. 2002) (dismissing for lack of imminent danger of serious physical injury); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 315 (3d Cir. 2001) (same).

Finally, the Court dismisses this action because the allegations that Snell raises concerning his prison mail have or may be raised in his habeas proceeding before Judge Keeton. It appears that Snell's primary concern is being able to mail documents for the purpose of prosecuting his petition for habeas relief. It is in the

5

interest of judicial efficiency that Judge Keeton continue to be the sole arbiter of the matters surrounding the habeas action in front of him.  See, e.g., Curtis v. DiMaio, 46 F. Supp. 2d 206, 215 (E.D.N.Y. 1999) (dismissing duplicative complaint and observing that "[i]t is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases"), aff'd on other grounds, 205 F.3d 1322, 2000 WL 232060 (2d Cir. 2000.[3]

---

[3] Cf. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("As between federal district court . . . the general principle is to avoid duplicative litigation.") (dictum); Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); Congress Credit Corp. v. AJC Int'l, Inc., 42 F.3d 686, 689 (1st Cir. 1994) ("A district court may certainly dismiss an action which is merely 'duplicative' of another action pending in another federal court."; Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred . . . ."); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551-52 (11th Cir. 1986) ("Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court."); R.W. Granger & Sons, Inc. v. Rojac Co., Inc., 885 F. Supp. 319, 323 (D. Mass. 1995) ("In general, a district court has inherent power to decline to exercise jurisdiction over a case when an adequate, alternative forum is available.").

CONCLUSION

ACCORDINGLY, the Court dismisses this matter without prejudice. The Clerk will provide a copy of this order to Judge Keeton's session. If Snell wishes the Court to address the status of his prison account, he must bring that matter to Judge Keeton's attention.

SO ORDERED.

Dated at Boston, Massachusetts, this 2nd day of December, 2004.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE