UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Emory G. Snell, Jr.,
    Plaintiff,

-v-

Amy Owens, in that
official and individual
capacity, as Treasurer,
Souza-Baranowski Corr. Ctr.,
    Defendant.

Civil Action
No. 04-11860 RGS

"VERIFIED"

### PLAINTIFF'S MOTION TO VACATE AS MANIFEST INJUSTICE ERRONEOUS ORDER OF DISMISSAL

Comes now, Plaintiff, Emory G. Snell, Jr. (Snell) pursuant to Fed. R. Civ. Pro. Rule 60(b)(6), and moves this most Honorable Court to allow that above entitled relief, as well as, any other equitable remedy deemed compelling in the interest of equal justice under law. In furtherance hereto, I state the following:

1- On or about 20 August 2004, by way of letter addressed to the Honorable Joseph L. Tauro, Snell sought such relief, as the Court found in LaFauci v Cunningham, C.A. No. 98-12328-JLT (D. Mass. Apr. 4, 2001).

-1-

2- Sewell's letter unequivocally detailed the unlawful taking of funds from his prison trust account by Owens, albeit, exactly like the actions described in LAFAUCI, supra, and that the seizure of monies contrary to clear statutory language, was in fact a violation of both the 5th & 14th Amendments Due Process Clauses.

3- Sewell further reiterates that attempts at post-deprivation remedies were futile, and that Owens used her position as treasurer to take Sewell's monies without regard to clear statutory intent, and did so in retaliation for a state civil action pending against her. See, SEWELL v. Owens, et al, MICV99-05599.

4- Sewell further relying upon LAFAUCI, sought to intervene, or be permitted consequential relief under Declaratory Judgment, so that the arbitrary, capricious, and/or retaliatory acts of Owens under color of state law could be determined by both 28 USC ss 1915, and the law of this Circuit.

5. Nevertheless, despite clear evidence by way of prima facie exhibits attached, the Court (STERN, J.) on or about 2 Dec. 2004, ordered SNELL's complaints dismissed, without elaboration whether such was with, or without prejudice.

6. Thereby, SNELL argues that the action in summarily dismissing the complaint without a finding-conclusion of law on the merits, was a abuse of discretion, as well as, Fed. R. Civ. P. Rule 52(a).

7. Furthermore, the Court erroneously concluded that SNELL was "barred" by a prior Prison Litigation Reform Act (PLRA) 3-strike provisio, without first making a determination supported by prima facie evidence (prison trust account statement) that the previous 3-cases in which SNELL was permitted in forma pauperis, no longer exist, as SNELL has "paid in full" any and all outstanding obligations.

8. Indeed, the Court assumed without actual knowledge, that the Court (O'Toole, J.) made a 3-strikes finding that was factually accurate, which the record stands for itself, clearly shows it was not.

9- The Court first went on to re-count the prior actions, the began with SNELL v. TESSIER, et al, U.S.D.C. No. 99-10131GAO (D. MASS. MAR. 25, 2002)(DKT #32). Accordingly, in TESSIER, SNELL overwhelmingly illustrates that on 1-13-1997, TESSIER and five other prison guards at MCI-Walpole, did intentionally and maliciously assault & battor him, which resulted in a broken right elbow. SNELL was denied adequate, effective and meaningful court access due to malfeasance of Attorney Sara Discepolo's failure to timely prosecute. The PLRA clearly defines the reasons for applying "strikes," and in no way could the TESSIER pl.aint be described as "frivolous, malicious, or unable to state a claim upon which relief could be granted."

10- Of course, the claims in TESSIER were not investigated by this court, and it was assumed that the PLRA bar was entered and justified by Judge O'Toole, notwithstanding the physical injury exception of ss1915(g).

11- Albert, not specifically styled as a civil plaint, under Haines v. Koener, 404 US 519, 520 (1972), the Court opined that pro se litigants [complaints] pleadings must be "liberally construed." Under Haines, Snell's letter set forth a causation, damages, and remedy for equitable relief, that liberally construed, could show that his claims stated harm, and relief could be granted under the 5th & 14th Amendment, actionable through 42 USC §§ 1983.

12- Snell in supporting causation, also attached numerous exhibits as evidence of ongoing retaliation, which the Court dismisses as simply not having relevance to the aforesaid "taking" claim. Indeed, those exhibits strongly made a claim of retaliation for Snell's exercise of 1st Amendment rights of unconstitutional conditions of confinement.

13- Additionally, Snell brought to the Court's attention the unconscionable scheme invoked by other state DOC employees, who otherwise barred, blocked and refused to mail and post his indigent legal materials. This claim is well supported by Ex parte Hull, 312 US 546, 549 (1941).

-5-

14- Notwithstanding these easily determined causations, the Court without diligently assessing the Constitutional merits, instead chose to hang its hat on the 3-strikes bar, further violating both Snell's Art. III "Cases & Controversy," and Art. IV, Sec. 2, "Privileges & Immunities" rights long ago established by the Supreme Court in Chambers v. Baltimore & Ohio RR, 207 U.S. 142, 147 (1907).

15- Thus, this Court's analysis, at fn. 2, fully illustrates that Snell made a prima facie claim to those same violations of statute that Judge Tauro found in LaFauci, nonetheless, this Court just skipped over this undisputable and genuine issue at law, to Snell's prejudice, and that "imminent physical injury," of being forever deprived a liberty interest entitlement, demonstrated by way of "actual innocence" claim, inter alia, before Judge Keeton, in habeas action No. 00-10271-REK. Snell argued strongly that Allen's unlawful/retaliatory acts foreclosed his meaningful Court access by denying Snell indigent legal mails. See, Bounds v. Smith, 430 U.S. 817, 824-25, 828 (1977).

16- Lastly, in furtherance of that Abuse of Discretion, this Court classified the Owen's plaint as Duplicative, and under the guise of judicial economy, ordered the clerk to forward the matter to Judge Keeton's habeas jurisdiction. Though Snell strenuously argues that Owen's Unlawful/Retaliatory acts did bar his right to prosecute a pending petition for habeas corpus, Snell also clearly alleges that Owen's unjustified action under of color of state law, did obstruct, impair, and abridge Snell from prosecuting "STATE" Court Actions, of which JUDGE KEETON lacks subject matter jurisdiction under habeas law. Snell therefore opines, Relief by way of Fed. R. Civ. P. Rule 60(b)(6) is proper to vacate a manifest injustice as displayed herein.

Wherefore, for those reasons hereto -- those in the interests of justice deemed compelling by this most Honorable Court -- Your PLAINTIFF now prays for that aforesaid equitable relief. So moves.

12 May 2005

Declaration

I, declare pursuant to 28 USC§1746, under pain of perjury that the foregoing is true and correct.

Respectfully submitted,
by the PLAINTIFF,

Emory G. Snell, Jr., pro se
P.O. Box 8000
Shirley, MA 01464

-7-